## SUPREME COURT.

PICKERING CLARK and others agt. THE ST. LOUIS, ALTON AND TERRE HAUTE RAILROAD COMPANY.

*Trust deed — Change of investments — when not allowed — Parties.*

Where a deed of trust directs, in plain terms, in what particular securities funds coming into the hands of the trustees shall be invested and how, until so invested, they shall be held, the court cannot, by its judgment, defeat the intentions of the creator of the trust, and the beneficiaries thereunder, by directing different investments.

Without the consent of those beneficially interested in the trust, investments directed to be made in first mortgage securities, cannot be made through the judgment of the court, in those of an inferior lien.

For the purpose of securing such change in investment, the trustees do not represent the beneficiaries, and an action to this end cannot be prosecuted in their names, the beneficiaries not being parties defendant, and having no opportunity to be heard in relation to the propriety of granting such relief.

*Special Term, October,* 1879.

DEMURRER to complaint.

*S. P. Nash,* for demurrer.

*A. Van Sinderen,* opposed.

VAN VORST, *J.* — The object of this action is to obtain, by judicial sanction, the modification or enlargement of the provisions of the first mortgage or trust deed executed by the St. Louis, Alton and Terre Haute Railroad Company on the 30th day of June, 1862, of its railroad property, to Robert

Bayard and others, as trustees, and being a lien to secure $2,200,000 of the bonds of the company known as first mortgage sinking fund bonds.

This first mortgage or trust deed provided for the creation of a sinking fund out of the net earnings of the road, to the amount of $25,000 per annum, to be paid by the corporation for the redemption of the bonds secured thereby.

The railroad corporation is bound by the terms of the deed to pay this sum in semi-annual payments of $12,500 each, to the trustees, who are directed to deposit the same in the United States Trust Company, or in some other safe depository in the city of New York, which money, with accumulations of interest, was directed to be invested by the trustees in the purchase of bonds secured by this mortgage, provided the same could be purchased at a rate not exceeding ten per cent above the par of the bonds, with the interest accrued thereon ; the deeds contained a further provision that in case the bonds could not be purchased at such rate, then the moneys should remain at interest until the bonds could be purchased therewith at such rates, and that no further payments should be payable to the sinking fund until the money remaining in the said fund, could be used in purchasing the bonds at such rate or under.

The railroad company has regularly, since the year 1864, and down to December, 1878, made its semi-annual payments to the sinking fund, and the same has been invested by the trustees in the purchase of bonds secured by the mortgage, and a sum exceeding $600,000 has been received and applied by the trustees in the purchase of such bonds.

It appears from the allegations in the complaint, that it has been, for some time past, and is now, impracticable for the trustees to invest the accruing income of the sinking fund in the manner prescribed by the mortgage, in the bonds secured thereby, for the reason that they cannot now be purchased at a price less than fifteen per cent above par, and interest, and that the rate of interest attainable on deposits in the trust

company or other safe depository does not exceed two per cent per annum. The trustees now ask that their powers be so enlarged as to authorize them, so long as and whenever they shall be unable to purchase the first mortgage bonds at or within the limits prescribed by the trust deed, to invest the money of the sinking fund in the purchase of the preferred second mortgage bonds of the railroad corporation, at a price not exceeding the par of the bonds, with the interest accrued thereon, and to collect the interest thereon, and to add and apply the same to the capital of the sinking fund, to. be invested by the trustees in conformity with the provisions of the trust deed as so modified.

I am pursuaded that this court has not the power to. grant the judgment asked for by the plaintiffs, in the absence of, and without the consent of, all who are interested in, and whose rights were intended to be shielded by, the trust deed.

This court has no power to alter, modify or enlarge the terms of the deed or the powers of the trustees. The terms of the deed are clear and explicit. The duties imposed upon the trustees are imperative. The securities in which the funds are to be invested are plainly stated. The deed when made was such as was intended by the parties and holders of the first mortgage bonds, and others have acquired rights in reliance upon its terms.

Courts may interpret contracts and instruments of doubtful meaning, but when the deed is unambiguous in its language there is no occasion for judicial construction. In all cases the court, by its judgment, gives effect to a; writing according to the intention it expresses, and enforces it accordingly. And when a deed of trust directs in plain terms in what particular securities funds coming into the hands of the trustees shall be invested, and how, until so invested, they shall be held, the court cannot, by its judgment, defeat the intentions of the creator of the trust and the beneficiaries thereunder by directing other investments. Without the consent of those beneficially interested, investments directed to be made in first

mortgage securities should not be made in those of an inferior lien.

For the purpose of securing such change the trustees do not represent the beneficiaries, and an action cannot be prosecuted in their names, the beneficiaries not being parties defendant, and having no opportunity to be heard in relation to the propriety of granting the relief sought.

The trustees, until some legal adjustment be made of the difficulty and embarrassments existing, with those legally and beneficially interested, must execute the trust according to its terms, or until an appropriate action be brought in their names, or to which they are made parties.

There must be judgment for the defendants on the demurrer. No appeal.

---

# COURT OF APPEALS.

Edward B. Dickinson, appellant, agt. William Y. Edwards, respondent.

*Conflict of Laws — Usury — Contract — by what law governed.*

A contract is to be governed by the laws of. the place where it is made, if it is not, by its terms, to be performed elsewhere; but if, by its terms, it is to be performed in a state other than that in which it is made, the law of the state in which it is to be performed must govern (*Affirming S. C.*, 13 *Hun*, 405; *see S. C.*, 53 *How.*, 40).

This is the general rule of construction. The exceptions to it stated.

The case of *Jewell* agt. *Wright* (30 *N. Y.*, 259) approved, and the cases of *Bowen* agt. *Bradley* (9 *Abb. Pr.* [*N. S.*], 395) and *Wayne County Savings Bank* agt. *Low* (6 *Abb. N. C.*, 76), disapproved.

*October*, 1879.

*W. R. Beach* and *G. Norris*, for appellant.

*F. P. Bellamey* and *W. S. Parker*, for respondent.