[Civ. No. 428.   Second Appellate District.—January 11, 1908.]

## V. E. STOCKWELL, Appellant, v. ELIZABETH C. BARNUM, and THE TITLE INSURANCE AND TRUST COMPANY, Respondents.

DEED OF TRUST—POWER OF SALE—ASSIGNMENT OF NOTE—RECORD NOT REQUIRED—CONSTRUCTION OF CODE.—The assignor of a negotiable note secured by a deed of trust, which passes the legal title to the trustee with power to sell upon default in payment upon the request of the payee ''or his heirs or assigns,'' is not required to record the assignment. The holder of the note is not ''an encumbrancer'' to whom a power of sale is given, within the meaning of section 858 of the Civil Code, requiring the acknowledgment and record of the assignment of the money ''secured to be paid,'' in order to vest in the assignee a ''power to sell real property'' which ''is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money.''

ID.—DEFAULT IN PAYMENT OF INTEREST—OPTION OF HOLDER OF TO DECLARE WHOLE SUM DUE—POWER OF TRANSFEREE OF NOTE.—

Where, at the time of the transfer of the note secured by the deed of trust, the debtor was in default in the payment of interest on the note, and an option was given to the holder of the note to declare the whole sum due for nonpayment of interest, the transferee of the note may exercise such option for previous defaults, and request a sale by the trustee for the entire amount of the note.

ID.—SALE BY CORPORATION TRUSTEE—ADVERTISEMENT—CONDUCT OF SALE BY AGENT AS AUCTIONEER—APPOINTMENT.—Where the trustee was a corporation, which, upon demand for a sale, duly advertised the sale, under its corporate seal, fixing the time and place of sale, it might conclude the sale by one of its agents generally authorized to conduct sales for it as auctioneer. No special resolution of the directors appointing him as auctioneer in this case was required, but in the absence of such resolution, the manager of the corporation might authorize him to act as auctioneer.

ID.—SALE TO CREDITOR BY AUTHORIZED AGENT OF TRUSTEE.—Where the creditor was not at the sale, but had notified the trustee of the amount of her bid, and requested the trustee to appoint some one to bid for her, and the trustee appointed one of its officers to make the bid for her, the validity of the sale to the creditor was not impaired thereby.

ID.—REDEMPTION AFTER SALE INEFFECTIVE.—An attempted redemption by a vendee of the debtor after the sale was made, though before the execution of the trustee's deed to the purchaser, was ineffective.

ID.—INADEQUACY OF PRICE.—The fact that the amount of the debt for which the property was sold was only two-thirds of the value of the property does not disclose such gross inadequacy as would affect the validity of the sale, where there was no unfairness on the part of the trustee, who was bound to make the sale to the highest bidder, under the terms of the deed of trust.

ID.—DUTY OF TRUSTEE.—The trustee was under no duty to make other effort to procure bidders than to advertise its sale in the manner required by the deed of trust.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Valentine & Newby, for Appellant.

J. Wiseman MacDonald, and Lee C. Gates, for Respondents.

SHAW, J.—The action is to have set aside and vacated a sale made under a deed of trust by the Title Insurance and Trust Company, a corporation, as trustee, of certain real property. Judgment was rendered for defendants. Plaintiff moved for a new trial, which motion was denied. The appeal is from the judgment and order.

On November 10, 1904, Sparkman and wife made their promissory note, whereby they promised to pay to Anna B. Brown and Bettina B. Brown, or order, at the Security Savings Bank of Los Angeles, the sum of $1,800, and delivered the same to said Anna and Bettina B. Brown. The note by its terms bore interest at the rate of ten per cent, payable quarterly, and it was provided in said note that in case of default in the payment of any installment of interest when due the whole sum of principal and interest should become immediately due and payable, at the option of the holder of the note.

For the purpose of securing payment of said note, and interest thereon, Sparkman and wife executed and delivered to the Title Insurance and Trust Company a deed of trust whereby they conveyed to said Title Insurance and Trust Company the legal title to certain real estate.

Said deed of trust was in the form generally used for the purpose of securing indebtedness and, among other things, provided: If default should be made in the payment of principal or any installment of interest when due, as provided in said promissory note, that said Title Insurance and Trust Company, as such trustee, on demand of said Anna B. Brown and Bettina B. Brown, or their heirs or assigns, should sell the real property therein described, or such part or parts thereof as in its discretion it should deem necessary to sell in order to accomplish the objects of the trust.

Sparkman made default in the payment of the installment of interest due upon said note on February 10, 1905, and likewise defaulted in the payment of the installment of interest payable on May 10, 1905.

On June 23, 1905, Anna B. Brown and Bettina B. Brown transferred the note to Elizabeth C. Barnum. On June 26, 1905, Barnum elected to declare the whole amount of the note due by reason of the default in the payment of interest, and demanded of said trustee that it proceed to sell said prop-

erty in accordance with the terms and provisions of said deed of trust. Whereupon, the trustee did, on July 3, 1905, pursuant to the provisions contained in said deed, advertise the property for sale on July 25, 1905. On July 25, 1905, prior to the time of the sale, Sparkman and wife, by deed, conveyed the real estate to plaintiff Stockwell.

1. Section 858 of the Civil Code provides: "Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is to be deemed a part of the security, and vests in any person who, by assignment, becomes entitled to the money so secured to be paid, and may be executed by him whenever the assignment is duly acknowledged and recorded." Appellant contends that the provisions of this section are applicable to the interests of beneficiaries under deeds of trust in the form here used, and that as no assignment acknowledged and recorded as required by this section was made to Elizabeth C. Barnum, therefore no right was vested in her to demand a sale of the property under the terms of the deed. The deed of trust required the trustee, upon default, to sell the property, upon demand of the parties to whom the note was made, or *their assigns.* The note was indorsed upon the back thereof as follows: "Cal., June 23rd, 1905. For value received, we hereby sell, assign, transfer and set over unto Elizabeth C. Barnum, or order, all our right, title and interest, in and to this note, and the moneys due and to grow due thereon with the interest, and in and to the deed of trust securing the same, but without recourse. Anna B. Brown, by Bettina B. Brown, her atty. in fact. Bettina B. Brown"; and the same was delivered to Elizabeth C. Barnum. By this act the Browns transferred to Barnum all the rights secured to them under the provisions of the deed of trust. This transfer, however, did not include any power to sell the real estate. They had no such power; none had been given to them, and hence they could assign none. Such power was, under the provisions of the deed of trust, conferred upon the trustee in whom the legal title to the property was vested and it alone could transfer it in executing the trust. In discussing a statute similar to section 858, the supreme court of Minnesota says: "That the record should correctly show the authority of a mortgagee or his assigns to sell, is important to

the mortgagor, because it is for his interest that the title should be as marketable as it may be, since he may be liable for a deficiency; and it is important to the mortgagor or those claiming under him, because they may be entitled to a surplus." (*Thorp* v. *Merrill,* 21 Minn. 336.) And in *Morris* v. *McKnight,* 1 N. D. 271, [47 N. W. 375], the court in considering the same subject uses the following language: "We conclude that when a party seeks to foreclose a mortgage in this state by advertisement, claiming such right as assignee, the record must show complete legal title to such mortgage in such assignee; otherwise such foreclosure will be a nullity. Any other rule would discourage bidding at such foreclosure sales, and result in the sacrifice of property and the title so conveyed would remain under suspicion and values be thereby depreciated. A still more unfortunate result would be the fact that the mortgagor and those claiming under him could not with safety redeem from such sales. Either the right to redeem must be abandoned or a redemption made with the risk of finding the legal title to the mortgage in some person other than the pretended assignee." This reasoning, while conclusively showing the necessity for the code provision as to mortgagees or other encumbrancers in whom a power of sale is vested, is wholly foreign to deeds of trust, which, instead of creating a lien only, as in the case of a mortgage, passes the legal title to the trustee, thus enabling him in executing the trust to transfer to the purchaser a marketable record title. It is immaterial who holds the note.

The transferee of a negotiable promissory note, payment of which is secured by a deed of trust whereby the title to the property and power of sale in case of default is vested in a third party as trustee, is not an encumbrancer to whom power of sale is given, within the meaning of section 858 of the Civil Code.

2. None of the officers of the trustee were present at the sale, but the property was actually offered and the sale made to respondent Barnum by W. H. Jamison, one of the legal counsel of the trustee, who acted in that behalf by virtue of a general resolution adopted February 3, 1905, by the board of directors of the trustee, authorizing him as one of several others to act in such proceedings for and on behalf of the corporation. Conceding that said resolution purported to

7 Cal. App.—27

delegate discretionary powers, nevertheless, so far as appears from the record in this case, Jamison did not perform other than a ministerial act. He did not concern himself with any discretion, the exercise of which was imposed upon the trustee. He had nothing to do with fixing the time when, nor the place where, the sale was to be made; nor whether or not the contingency had arisen which would justify the trustee in selling the property. All these questions seem to have been determined and passed upon by the trustee, which, through its proper officers, with its corporate seal affixed thereto, published a notice of the time and place of sale in due and proper form, under and in accordance with which the sale was conducted by Jamison, who, for the trustee, acted as an auctioneer in crying the sale. There is abundant authority in both this and other jurisdictions to sustain the right of a trustee in employing an auctioneer to cry a sale. (*Fogarty* v. *Sawyer*, 23 Cal. 570; *Kennedy* v. *Dunn*, 38 Cal. 340; *Connelly* v. *Belt*, 5 Cranch C. C. 405, [Fed. Cas. No. 3117].)

Appellant further contends that, conceding the board of directors might empower its attorney to conduct the sale, such power should have been conferred by a formal resolution adopted by its board after the contingency justifying the sale had arisen. We think it competent for the managing officer, in the absence of any resolution, to employ one to perform the mechanical act of making a sale in the execution of a trust. There would seem to be no more reason for such formal action in this case than there would be for like formal action authorizing the delivery of papers held by the corporation in escrow. (*Bank* v. *Stone*, 121 Cal. 208, [53 Pac. 634].) The making of the sale was not such a corporate act as required formal action of the board of directors. It was neither making nor authorizing a sale of its own real estate. The case of *Salfield* v. *Sutter etc. Co.*, 94 Cal. 549, [29 Pac. 1105], cited by appellant, is not in point, for the reason that formal action of the board was there held necessary by virtue of the provisions of section 2310 of the Civil Code, which section has no application to the facts under consideration.

3. It is clear that no tender of any amount was made in payment of the note, interest or costs before sale, and the fact that subsequent to the sale and before the execution of the trustee's deed to the purchaser of the property appellant deposited with the trustee a sum of money sufficient to pay the

amount due Barnum, with costs, could not affect the validity of the sale, nor vest in appellant the right to a reconveyance of the property.

4. It is next contended that the sale should be set aside on account of unfair conduct of the trustee. Prior to the execution of the deed of trust Sparkman was indebted to Barnum, and to secure payment of such indebtedness he and his wife executed to Barnum a deed to said property, absolute in form, but intended as a mortgage. This deed was not filed for record until January 25, 1905. It does not appear that anyone was deterred from bidding by reason of the existence of the deed, or misled into the belief that it was other than a subsequent mortgage. There was some correspondence between Barnum and the trustee with reference to the purchase of the note from the Browns. A careful inspection of this correspondence, however, does not disclose any unfairness toward appellant upon the part of the trustee, and appellant does not suggest wherein any conduct of the trustee with reference to this deed, or in connection with the correspondence, prejudiced appellant. (*Herbert Kraft Co.* v. *Bryan,* 140 Cal. 73, [73 Pac. 745].) Mrs. Barnum specified the amount which she was willing to bid for the property, and requested the trustee to have some one appear and make such bid. One of the officers of the corporation requested an employee thereof to act for her, and in obedience to her instructions he did appear and bid in for her and in her name the property for the amount of the indebtedness and costs. He merely carried out her instructions and in doing this did not in any way represent the trustee. "The trustee may himself make the bid at the instance of the beneficiary, without impairing the validity of the sale." (*Felton* v. *Le Breton,* 92 Cal. 467, [28 Pac. 490].) The conduct of the trustee in giving instructions to Mrs. Barnum does not indicate a desire to act unfairly; on the contrary, as between both parties, it is manifest that the trustee diligently endeavored to impartially perform the duties imposed upon it, and with the utmost fairness toward Sparkman, appellant and Mrs. Barnum.

The property sold for $2,039.25, and the court finds that at the date of said sale its value was $3,500. It is contended that this inadequacy of price, taken in connection with the alleged unfairness of the trustee, constitutes sufficient grounds for

reversal. The record discloses no unfairness on the part of the trustee; nor is it made to appear wherein plaintiff was injured by any wrongful or fraudulent act of the trustee. Under the terms of the deed it was the imperative duty of the trustee to sell the property. It had no discretion in the matter. In such case, inadequacy of price, standing alone, is not sufficient to justify the vacation of a sale. The inadequacy may be so gross as will in itself indicate misconduct, unfairness or fraud on the part of the trustee, but such is not the case here. The deed imposed an obligation upon the trustee to accept the highest bid offered and it could not, without a violation of its duty to Barnum, refuse it. (*Carter* v. *Abshire,* 48 Mo. 300; *Clark* v. *St. Louis etc. R. R. Co.,* 58 How. Pr. 21; *Horsey* v. *Hough,* 38 Md. 130; *Copsey* v. *Sacramento Bank,* 133 Cal. 660, [85 Am. St. Rep. 238, 66 Pac. 204].) In the case of *Herbert Kraft Co.* v. *Bryan,* 140 Cal. 73, [73 Pac. 745], the court, in considering a like subject, says: "As plaintiff was the highest bidder, it is difficult to see how the trustees could have refused to accept the bid without violating their duty to the executor." (Perry on Trusts, 5th ed., sec. 602-Z.)

The trustee was under no duty to make other effort to procure bidders than to advertise the sale in the manner provided in the deed of trust. (*Harlin* v. *Nation,* 126 Mo. 27, [27 S. W. 330].)

5. After the sale, in a conversation with appellant, Mr. Jamison stated that he thought Mrs. Barnum would let him have the property for what it had cost her. Stockwell thereupon, at Jamison's suggestion, deposited with the trust company which had acted as trustee a sum of money sufficient to cover the cost of the property to Barnum. Jamison then wrote to Mrs. Barnum suggesting that she, in consideration of this deposit for her account, quitclaim the property to Stockwell, and stated that he had come to the office intending to redeem and that the sale worked a hardship upon Stockwell. The court held that Jamison in writing this letter had no right to bind the trustee. There was no error in the ruling of the court. It could not bind Mrs. Barnum in any way, and it does not appear that he had any authority to speak for the corporation *after the sale.* Moreover, it does not purport to be a statement of fact, but rather an expression of opinion,

and, under the circumstances, a laudable desire to aid appellant in a repurchase of the property from Barnum.

It is unnecessary to refer directly to other points urged by appellant, as they are sufficiently covered by the foregoing discussion.·

Judgment and order are affirmed.

Allen, P. J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 10, 1908.