[No. B226494. Second Dist., Div. Eight. Sept. 13, 2011.]

EUGENIA CALVO, Plaintiff and Appellant, v.
HSBC BANK USA, N.A., as Trustee, etc., Defendant and Respondent.

COUNSEL

Dennis Moore for Plaintiff and Appellant.

Houser & Allison, Eric D. Houser, Robert W. Norman, Jr., and Carrie N. Heieck for Defendant and Respondent.

OPINION

**GRIMES, J.**—Plaintiff Eugenia Calvo obtained a loan secured by a deed of trust against her residence. The original lender assigned the loan and deed of trust to HSBC Bank USA, N.A. (HSBC Bank). A new trustee was also substituted after the loan was originated. Plaintiff defaulted in payment of the loan. The new trustee initiated foreclosure proceedings and executed a foreclosure sale of plaintiff's residence. Notice of the assignment of the deed of trust appeared only in the substitution of trustee, which was recorded on the same date as the notice of trustee's sale. The second amended complaint seeks to set aside the trustee's sale for an alleged violation of Civil Code section 2932.5,[1] which requires the assignee of a *mortgagee* to record an assignment before exercising a power to sell real property. HSBC Bank and its agent, the nominal beneficiary under the deed of trust, demurred to the second amended complaint, and the trial court sustained the demurrer without leave to amend.

We find defendant HSBC Bank did not violate section 2932.5 because that statute does not apply when the power of sale is conferred in a deed of trust rather than a mortgage. We affirm the judgment dismissing the complaint.

## BACKGROUND

Plaintiff sued HSBC Bank and Mortgage Electronic Registration Systems, Inc. (MERS), its agent and nominal beneficiary under the deed of trust recorded against her residence. Plaintiff had borrowed money from CBSK Financial Group, Inc., which is not a defendant in this lawsuit. Her loan was secured by a deed of trust against her residence that was recorded on September 1, 2006. The deed of trust identified plaintiff as the trustor, CBSK Financial Group as the lender, MERS as the nominal beneficiary and lender's agent, and Lawyers Title Company as the trustee. In the deed of trust, plaintiff granted title to her residence to the trustee, in trust, with the power of sale. The deed of trust stated: "MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests,

---

[1] All statutory references are to the Civil Code unless otherwise specified.

including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the Security Instrument."

Aztec Foreclosure Corporation was substituted as trustee under the deed of trust on or about June 2, 2008. The substitution of trustee stated that MERS, as nominee for HSBC Bank, "is the present Beneficiary" under the deed of trust, as MERS had been for the original lender. The substitution of trustee was not recorded until October 14, 2008, the same date on which Aztec Foreclosure Corporation recorded a notice of trustee's sale. More than three months before recordation of the substitution of trustee, Aztec Foreclosure Corporation had recorded a notice that plaintiff was in default in payment of her loan and that the beneficiary had elected to initiate foreclosure proceedings. The notice of default advised plaintiff to contact HSBC Bank to arrange for payment to stop the foreclosure.

HSBC Bank bought plaintiff's residence in the foreclosure sale, and a trustee's deed upon sale was recorded on January 9, 2009. The gist of the complaint is that HSBC Bank initiated foreclosure proceedings under the deed of trust without any recordation of the assignment of the deed of trust to HSBC Bank in violation of section 2932.5.

## DISCUSSION

A demurrer tests the legal sufficiency of the complaint. We review the complaint de novo to determine whether it alleges facts sufficient to state a cause of action. For purposes of review, we accept as true all material facts alleged in the complaint, but not contentions, deductions or conclusions of fact or law. We also consider matters that may be judicially noticed. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) When a demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm." (*Ibid.*) Plaintiff has the burden to show a reasonable possibility the complaint can be amended to state a cause of action. (*Ibid.*)

█ The trial court did not err in sustaining the demurrer without leave to amend. Plaintiff's lawsuit rests on her claim that the foreclosure sale was void and should be set aside because HSBC Bank invoked the power of sale without complying with the requirement of section 2932.5 to record the assignment of the deed of trust from the original lender to HSBC Bank. We find no merit in this contention.

Section 2932.5 provides: "Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded."

■ It has been established since 1908 that this statutory requirement that an assignment of the beneficial interest in a debt secured by real property must be recorded in order for the assignee to exercise the power of sale applies only to a mortgage and not to a deed of trust. In *Stockwell v. Barnum* (1908) 7 Cal.App. 413 [94 P. 400] (*Stockwell*), the court affirmed the judgment against a plaintiff who sought to set aside and vacate a sale of real property under a deed of trust. In *Stockwell*, a couple borrowed money from two individuals and gave them a promissory note that provided, in case of default in the payment of interest, the holder of the note had the option to demand payment of all the principal and interest. To secure payment of the note, the borrowers executed and delivered a deed of trust by which they conveyed to the trustee legal title to a parcel of real estate, with the power of sale on demand of the beneficiaries of the promissory note. The borrowers defaulted. The original lenders assigned the note to another individual, who elected to declare the whole amount of principal and interest due and made demand on the trustee to sell the property. Before the trustee's sale was made, but on the same day as the trustee's sale, the defaulting couple conveyed the real property to the plaintiff, who then sued to set aside the trustee's sale.

One of the bases on which the plaintiff in *Stockwell* sought to set aside the sale was that no assignment of the beneficial interests under the deed of trust was recorded and therefore the original lender's assignee had no right to demand a trustee's sale of the property. The plaintiff in *Stockwell* relied on former section 858, the predecessor of section 2932.5, as support for this contention. (The parties correctly acknowledge that § 2932.5 continued former § 858 without substantive change.) (Law Revision Com. com., Deering's Ann. Civ. Code, § 2932.5 (2005 ed.) p. 454.) The *Stockwell* court found the statute did not apply to a trustee's sale.

■ The *Stockwell* court distinguished a trust deed from a mortgage, explaining that a mortgage creates only a lien, with title to the real property remaining in the borrower/mortgagee, whereas a deed of trust passes title to the trustee with the power to transfer marketable title to a purchaser. The court reasoned that since the lenders had no power of sale, and only the trustee could transfer title, it was immaterial who held the note. (*Stockwell, supra*, 7 Cal.App. at pp. 416–417.) "The transferee of a negotiable promissory note,

payment of which is secured by a deed of trust whereby the title to the property and power of sale in case of default is vested in a third party as trustee, is not an encumbrancer to whom power of sale is given, within the meaning of section 858 . . . ." (*Id.* at p. 417.)

The holding of *Stockwell* has never been reversed or modified in any reported California decision in the more than 100 years since the case was decided. The rule that section 2932.5 does not apply to deeds of trust is part of the law of real property in California. After 1908, only the federal courts have addressed the question whether section 2932.5 applies to deeds of trust, and only very recently. Every federal district court to consider the question has followed *Stockwell.* (See, e.g., *Roque v. SunTrust Mortgage, Inc.* (N.D.Cal., Feb. 10, 2010, No. C-09-00040 RWM) 2010 U.S.Dist. Lexis 11546, p. *8 ["Section 2932.5 applies to mortgages, not deeds of trust. It applies only to mortgages that give a power of sale to the creditor, not to deeds of trust which grant a power of sale to the trustee."]; *Parcray v. Shea Mortgage, Inc.* (E.D.Cal., Apr. 23, 2010, No. CV-F-09-1942 OWW/GSA) 2010 U.S.Dist. Lexis 40377, p. *31 ["There is no requirement under California law for an assignment to be recorded in order for an assignee beneficiary to foreclose."]; *Caballero v. Bank of America* (N.D.Cal., Nov. 4, 2010, No. 10-CV-02973-LHK) 2010 U.S.Dist. Lexis 122847, p. *8 ["§ 2932.5 does *not* require the recordation of an assignment of a beneficial interest for a *deed of trust,* as opposed to a mortgage"].)[2]

Plaintiff argues that *Stockwell* is "[o]utdated" and, that in the "modern era," there is no difference between a mortgage and a deed of trust. Plaintiff misconstrues *Bank of Italy, supra,* 217 Cal. 644 as holding that deeds of trust are the same as mortgages with a power of sale, and therefore, as supporting her argument that section 2932.5 applies to both mortgages and deeds of trust. First, our Supreme Court in *Bank of Italy* did not consider or construe section 2932.5 or its predecessor statute.

Second, the court in *Bank of Italy* did not hold that a mortgage is the same as a deed of trust. Far from it; the *Bank of Italy* court recognized that the distinction between a mortgage, which creates only a lien, and a deed of trust,

---

[2] Plaintiff cited only one bankruptcy court decision in support of her argument that section 2932.5 applies to deeds of trust. (*U.S. Bank N.A. v. Skelton* (*In re Salazar*) (Bankr. S.D.Cal. 2011) 448 B.R. 814.) We find the analysis in that case unpersuasive. Holdings of the federal courts are not binding or conclusive on California courts, though they may be entitled to respect and careful consideration. (*Bank of Italy etc. Assn. v. Bentley* (1933) 217 Cal. 644, 653 [20 P.2d 940] (*Bank of Italy*).) A federal bankruptcy court decision interpreting California law, however, is not due the same deference. (See *Stern v. Marshall* (2011) 564 U.S. ___ [180 L.Ed.2d 475, 131 S.Ct. 2594].)

which passes title to the trustee, "has become well settled in our law and cannot now be disturbed." (*Bank of Italy, supra*, 217 Cal. at p. 655.) Third, the court's holding was expressly limited to the question (not in issue here) whether in California it is permissible to sue on a promissory note secured by a deed of trust without first exhausting the security or showing that it is valueless. The trial court had found "that no action may be brought on a note secured by a deed of trust unless and until the security is exhausted. The correctness of this conclusion is the sole point involved on this appeal." (*Id.* at pp. 647, 648, 650.)

The plaintiff in *Bank of Italy* had argued the only statute requiring that security be exhausted before suing on the note was limited to mortgages and did not include the distinctly different deeds of trust. (*Bank of Italy, supra*, 217 Cal. at p. 653.) The *Bank of Italy* court therefore considered whether the differences between a mortgage and a deed of trust under California law should permit the holder of a note secured by a deed of trust to sue on the note without exhausting the security by a sale of the property. The court recognized there were an increasing number of cases that applied the same rules to deeds of trust that are applied to mortgages and concluded that "merely because 'title' passes by a deed of trust while only a 'lien' is created by a mortgage," in both situations the security must be exhausted before suit on the personal obligation. (*Id.* at pp. 657–658.) Nothing in the holding or analysis of the *Bank of Italy* opinion supports plaintiff's position here that we should find section 2932.5 applies to a deed of trust.

Plaintiff also is mistaken in contending that *Strike v. Trans-West Discount Corp.* (1979) 92 Cal.App.3d 735 [155 Cal.Rptr. 132] (*Strike*) supports her position. In *Strike*, a homeowner had a judgment entered against him on a business debt he had guaranteed. The homeowner later defaulted in payments on a bank loan that was secured by a deed of trust against his home, and he asked the judgment creditor to help him out. The judgment creditor agreed to buy an assignment of the home loan and deed of trust from the bank, consolidate the indebtedness on the home loan with the amount owed to satisfy the judgment, and extend the maturity date of these obligations.

The homeowner defaulted again, and the judgment creditor initiated nonjudicial foreclosure proceedings. The homeowner sued in an attempt to avoid foreclosure and eviction but did not prevail at trial. The Court of Appeal affirmed. Among the homeowner's arguments that were rejected on appeal was the contention that the judgment creditor's interest in his home was an equitable lien that could only be foreclosed by judicial process. The Court of Appeal found the creditor had the right to pursue nonjudicial foreclosure, distinguishing an equitable subrogee from an assignee of a deed of trust with

the power of sale. The court stated: "A recorded assignment of note and deed of trust vests in the assignee all of the rights, interests of the beneficiary [citation] including authority to exercise any power of sale given the beneficiary ([§ 858])." (*Strike, supra*, 92 Cal.App.3d at p. 744.)

■ Plaintiff contends the sentence quoted above establishes that section 2932.5 (formerly codified at § 858) applies to deeds of trust. But the *Strike* court was not asked to consider or construe the predecessor of section 2932.5. The *Strike* court briefly referred to the predecessor of section 2932.5 by way of illustrating the difference between an equitable subrogee and an assignee under a deed of trust with a power of sale. (*Strike, supra*, 92 Cal.App.3d at p. 744.) " 'It is axiomatic, of course, that a decision does not stand for a proposition not considered by the court.' " (*Agnew v. State Bd. of Equalization* (1999) 21 Cal.4th 310, 332 [87 Cal.Rptr.2d 423, 981 P.2d 52].)

■ In California, over the course of the past century, deeds of trust have largely replaced mortgages as the primary real property security device. (See 4 Miller & Starr, Cal. Real Estate (3d ed. 2003) former § 10:2, p. 15.) Thus, section 2932.5 (and its predecessor, § 858) became practically obsolete and was generally ignored by borrowers, creditors, and the California courts. On the other hand, other statutes expressly give MERS the right to initiate foreclosure on behalf of HSBC Bank irrespective of the recording of a substitution of trustee. Section 2924, subdivision (a)(1), states that a "trustee, mortgagee, or beneficiary, or any of their authorized agents," may initiate the foreclosure process. MERS was both the nominal beneficiary and agent (nominee) of the original lender and also of HSBC Bank, which held the note at the time of the foreclosure sale of plaintiff's residence. Thus, MERS had the statutory right to initiate foreclosure on behalf of HSBC Bank pursuant to section 2924, subdivision (a)(1).

MERS also had the right to initiate foreclosure on behalf of HSBC Bank pursuant to the express language of the deed of trust. Plaintiff agreed in the deed of trust that MERS had the right to initiate foreclosure and to instruct the trustee to exercise the power of sale as nominee (i.e., agent) of the original lender *and its successors and assigns*. (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1157, fn. 9 [121 Cal.Rptr.3d 819] [construing a deed of trust identical in pertinent part to the trust deed in this case as granting MERS power to initiate foreclosure as the agent of the noteholder, even if not also as beneficiary].) HSBC Bank was the assignee of the original lender. Accordingly, HSBC Bank and MERS, its nominal beneficiary and agent, were entitled to invoke the power of sale in the deed of trust, and plaintiff has alleged no legal basis for setting aside the sale in this case.

We affirm the judgment of dismissal. Respondent is to recover its costs of appeal.

Bigelow, P. J., and Flier, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 4, 2012, S197440.