[No. A131023. First Dist., Div. Four. Apr. 9, 2012.]

NATHANIEL HAYNES, Plaintiff and Appellant, v.
EMC MORTGAGE CORPORATION et al., Defendants and Respondents.

**COUNSEL**

Murray & Associates and Lawrence Murray for Plaintiff and Appellant.

Ropers, Majeski, Kohn & Bentley, Geoffrey Weickhardt; Burke, Warren, MacKay & Serritella, Leann Pedersen Pope and Danielle Szukala for Defendants and Respondents.

OPINION

**RIVERA, J.**—Nathaniel Haynes appeals from a judgment of dismissal following the court's order sustaining a demurrer to his first amended complaint. He contends that the trial court erred in ruling that Civil Code[1] section 2932.5's provisions requiring the assignee of a mortgagee to record the assignment prior to exercising a power to sell real property does not apply to deeds of trust. We affirm.

## FACTUAL BACKGROUND

As this appeal arises after the sustaining of a demurrer, the general rule is that we "assume the truth of the facts alleged in the complaint and the reasonable inferences that may be drawn therefrom." (*Coleman v. Gulf Ins. Group* (1986) 41 Cal.3d 782, 789, fn. 3 [226 Cal.Rptr. 90, 718 P.2d 77].)

On May 4, 2006, Haynes purchased a home located at 1900 107th Street in Oakland. Haynes executed a deed of trust on the property that named EquiFirst Corporation as the lender, Placer Title Company as the trustee, and Mortgage Electronic Registration Systems, Inc. (MERS), as the beneficiary under the security instrument. The deed of trust secured a promissory note in the amount of $437,750.

Haynes defaulted on the promissory note. On April 10, 2008, Quality Loan Service Corp. (QLSC) commenced nonjudicial foreclosure on the property by recording a notice of default and election to sell under deed of trust. On May 22, 2008, QLSC was substituted for Placer Title Company as the trustee under the deed of trust. Thereafter, on August 7, 2008, QLSC recorded a notice of trustee's sale of the property. The property was sold by QLSC at a public auction held on November 24, 2008. On December 4, 2008, a trustee's deed upon sale was recorded in favor of EMC Mortgage[2] (EMC) providing that QLSC was the trustee and that EMC was the purchaser of the property as well as the foreclosing beneficiary.

On December 21, 2009, Haynes filed a first amended complaint alleging that EMC and Bear Stearns unlawfully foreclosed on the property because there was no assignment of the promissory note to EMC recorded prior to the sale of the property.

Haynes, on behalf of himself and a putative class of others similarly situated, brought five causes of action alleging (1) unfair competition and

---

[1] Unless otherwise indicated, all further statutory references are to the Civil Code.

[2] EMC was formerly known as EMC Mortgage Corporation and The Bear Stearns Companies LLC.

unlawful business practices in violation of Business and Professions Code section 17200 et seq. against EMC, Bear Stearns, and QLSC; (2) a Business and Professions Code section 17200 claim against EMC and Bear Stearns; (3) a Business and Professions Code section 17200 claim against QLSC; (4) breach of contract against QLSC; and (5) violation of the Consumers Legal Remedies Act (§ 1750 et seq.) against EMC, Bear Stearns, and QLSC.

On April 24, 2010, EMC and Bear Stearns demurred to the complaint on the ground that Haynes failed to state a valid claim that the foreclosure proceeding was unfair or unlawful because section 2932.5 did not require that the assignment of the loan to EMC be recorded. The court sustained the demurrer with prejudice to the first, third, and fifth causes of action and sustained the demurrer with leave to amend as to the second cause of action against EMC and Bear Stearns, and fourth cause of action against QLSC. EMC and Bear Stearns subsequently filed a demurrer as to the second cause of action as Haynes had not filed an amended complaint. The court sustained the demurrer without leave to amend.

Haynes filed a motion for reconsideration which the court denied. On December 15, 2010, the court entered judgment in favor of EMC and Bear Stearns, and by stipulation of the parties entered judgment in favor of QLSC.

## DISCUSSION

The sole issue presented in this appeal is whether the provisions of section 2932.5, requiring the assignee of a mortgagee to record the assignment before exercising a power to sell the real property, apply to deeds of trust as well as mortgages. Section 2932.5 provides as follows: "Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded."

That section 2932.5 applies only to mortgages is well settled. In the early case of *Stockwell v. Barnum* (1908) 7 Cal.App. 413 [94 P. 400] (*Stockwell*), the court considered former section 858, the predecessor statute to section 2932.5, and held that its provisions did not apply to deeds of trust. (*Stockwell, supra,* 7 Cal.App. at p. 416; see Cal. Law Revision Com. com., Deering's Ann. Civ. Code foll. (2005 ed.) § 2932.5, p. 454 ["Section 2932.5 continues former Section 858 without substantive change."].)

In *Stockwell*, a couple executed a deed of trust in favor of a title company on certain real property to secure payment of a promissory note they signed

and delivered to the lenders. The couple defaulted on the note which the lenders thereafter transferred to the defendant, who in turn, elected to declare the note due and to demand that the trustee sell the property as provided under the deed of trust. (*Stockwell, supra*, 7 Cal.App. at pp. 415–416.) The trustee advertised the property for sale but on the same day as the trustee's sale, the couple conveyed the property to the plaintiff. (*Ibid.*) The plaintiff brought an action to set aside the trustee's sale on several grounds, including that the assignment to the defendant had not been recorded. The court held that section 858 did not apply to a trustee's sale because the power to sell the property was "conferred upon the trustee in whom the legal title to the property was vested and it alone could transfer it in executing the trust" so that it was immaterial whether the loan assignment was recorded. (*Stockwell, supra*, at pp. 416–417.) The court distinguished the situation in which a party seeks to foreclose a mortgage of which he or she is the assignee, reasoning that a mortgage creates only a lien while a deed of trust "passes the legal title to the trustee, thus enabling him in executing the trust to transfer to the purchaser a marketable record title. It is immaterial who holds the note." (*Id.* at p. 417.) The court explained that "[t]he transferee of a negotiable promissory note, payment of which is secured by a deed of trust whereby the title to the property and power of sale in case of default is vested in a third party as trustee, is not an encumbrancer to whom power of sale is given, within the meaning of section 858 . . . ." (*Ibid.*)

The court in *Calvo v. HSBC Bank USA, N.A.* (2011) 199 Cal.App.4th 118, 120 [130 Cal.Rptr.3d 815] (review den. Jan. 4, 2012, S197440), recently followed *Stockwell* and held that section 2932.5 does not apply to deeds of trust. The *Calvo* court noted that "[t]he holding of *Stockwell* has never been reversed or modified in any reported California decision in the more than 100 years since the case was decided. The rule that section 2932.5 does not apply to deeds of trust is part of the law of real property in California." (*Calvo, supra*, at p. 123.)

The majority of the federal district courts that have considered the question agree and have followed *Stockwell*, holding that section 2932.5 applies only to mortgages and not to deeds of trust. (See, e.g., *de La Rocha v. Wells Fargo Bank* (E.D.Cal., Oct. 28, 2011, No. CIV S-11-2789 KJM-JFM) 2011 U.S.Dist. Lexis 125140; *Selby v. Bank of America, Inc.* (S.D.Cal., Oct. 27, 2010, No. 09cv2079 BTM (JMA)) 2010 U.S.Dist. Lexis 139966; *Parcray v. Shea Mortgage, Inc.* (E.D.Cal., Apr. 23, 2010, No. CV-F-09-1942 OWW/GSA) 2010 U.S.Dist. Lexis 40377; *Roque v. Suntrust Mortgage, Inc.* (N.D.Cal., Feb. 10, 2010, No. C-09-00040 RMW) 2010 U.S.Dist. Lexis 11546; *Caballero v. Bank of America* (N.D.Cal., Nov. 4, 2010,

No. 10-CV-02973-LHK) 2010 U.S.Dist. Lexis 122847.)[3] These well-considered cases are persuasive. (See 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, §507, p. 571 [federal decisions on questions of state law can be persuasive authority].)

Haynes acknowledges that *Stockwell* is contrary to his position, but contends that the distinction that the *Stockwell* court made between deeds of trust and mortgages is no longer recognized. He relies on several cases which he argues have abolished the distinction. (See *Bank of Italy etc. Assn. v. Bentley* (1933) 217 Cal. 644, 653 [20 P.2d 940] (*Bank of Italy*); *Yulaeva v. Greenpoint Mortgage Funding, Inc.* (E.D.Cal., Sept. 3, 2009, No. CIV. S-09-1504 LKK/KJM) 2009 U.S.Dist. Lexis 79094; *240 North Brand Partners, Ltd. v. Colony GFP Partners, L.P.* (Bankr. 9th Cir. 1996) 200 B.R. 653, 658.) Although these cases note the similarities between deeds of trusts and mortgages, none of them construed section 2932.5.

In *Bank of Italy*, on which Haynes places heavy reliance, the court held only that an action on a promissory note secured by a deed of trust could not be maintained until the underlying security was exhausted. (*Bank of Italy, supra*, 217 Cal. at p. 658.) Noting that "a deed of trust, both in legal effect and in theory, is deemed to be a mortgage with a power of sale, and differs not at all from a mortgage with a power of sale" (*id.* at p. 654), the court explained the historical distinction between mortgages and deeds of trusts. It recognized that California at an early date adopted the " 'lien' theory of mortgages, [and the] 'title' theory in reference to deeds of trust. In the early case of *Koch* v. *Briggs* [(1859)] 14 Cal. 256, it was held that mortgages and deeds of trust were fundamentally different in that in a mortgage only a 'lien' was created, while in a deed of trust 'title' actually passed to the trustee. This distinction, although frequently attacked by counsel and often criticised by the courts, has become well settled in our law and cannot now be disturbed. [Citations.] Thus we have in this state a type of instrument partaking of many of the characteristics of a mortgage, but for other purposes treated as a separate type of security. . . . Thus it has been held that a deed of trust differs from a mortgage in that title passes to the trustee in case of a deed of trust, while, in the case of a mortgage, the mortgagor retains title . . . ." (*Bank of Italy, supra*, 217 Cal. at p. 655.) Notwithstanding these distinctions, the court concluded that both mortgages and deeds of trust have the same "economic function" i.e., both serve as "the security for an indebtedness [which] is the important and essential thing . . . ." (*Id.* at p. 657.) Consequently, the court concluded "either by reason of implied agreement or by reason of public

---

[3] On January 3, 2012, defendant submitted to the court a second notice of supplemental authority containing citations to and copies of additional federal court cases reaching the same conclusion. We need not and do not rely upon those authorities because they add nothing to our analysis.

policy, the holder of a note secured by a deed of trust must first exhaust the security before resorting to the personal liability of the trustor." (*Id.* at p. 658.) *Bank of Italy* thus held only that exhaustion of the security—whether secured by a mortgage or a deed of trust—was required before pursuing the debtor; it did not "obliterat[e] the distinction between 'mortgages' and 'deeds of trust' " as argued by Haynes.[4]

Haynes further relies on two recent federal court decisions that have not followed *Stockwell*.[5] (See *Tamburri v. Suntrust Mortgage, Inc.* (N.D.Cal., July 6, 2011, No. C-11-2899 EMC) 2011 U.S.Dist. Lexis 72202; *In re Cruz* (Bankr. S.D.Cal. 2011) 457 B.R. 806 (*Cruz*).) In *Tamburri*, the plaintiff sought to enjoin the foreclosure sale of her home, asserting that the foreclosure violated section 2932.5 because "the last recorded assignment of the deed of trust reflects that U.S. Bank owns the loan, and not Wells Fargo." (*Tamburri*, at pp. *10–*11.) The court acknowledged the *Stockwell* decision and numerous federal court decisions that supported the bank's position that section 2932.5 applies only to mortgages. (*Tamburri*, at pp. *10–*11.) It concluded, however, that *Stockwell* was arguably outdated in creating a distinction between mortgages and deeds of trust and therefore found that the ambiguity together with the public interest in allowing homeowners an opportunity to pursue valid claims before being displaced from their homes weighed in favor of a preliminary injunction. (*Id.* at pp. *13–*14.)

In *Cruz, supra*, 457 B.R. at page 814, the plaintiff alleged a cause of action for wrongful foreclosure based on the bank's failure to record its interest as the beneficiary under the deed of trust. The court held that because the bank "lacked an interest of record, it was not authorized to proceed with the foreclosure sale under § 2932.5, rendering the sale void." (*Ibid.*) The court concluded that a beneficiary under a deed of trust was an encumbrancer within the meaning of section 2932.5. (*Cruz, supra*, 457 B.R. at p. 815.)

██ We, of course, are not bound by federal decisions on matters of state law. (*Bank of Italy, supra*, 217 Cal. at p. 653 [federal court holdings are not binding or conclusive on Cal. courts, though we may give the cases careful consideration].) ██ While our Supreme Court has noted in passing on

---

[4] Similarly, although *Yulaeva v. Greenpoint Mortgage Funding, Inc., supra*, 2009 U.S.Dist. Lexis 79094 and *In re 240 North Brand Partners, Ltd., supra*, 200 B.R. at page 658 noted that there is little practical difference between mortgages and deeds of trust, they did not hold that mortgages and deeds of trust are identical for all purposes and under all statutes.

[5] Haynes also cites *In re Salazar* (Bankr. S.D.Cal. 2011) 448 B.R. 814, a bankruptcy court decision, in support of his argument that section 2932.5 applies to deeds of trust. The United States District Court for the Southern District of California reversed *Salazar* on March 15, 2012 (Mar. 15, 2012, Civ. No. 11-cv-907-L (BLM)) 2012 U.S.Dist. Lexis 35299, and followed *Calvo, supra*, 199 Cal.App.4th at pages 121–122, holding that section 2932.5 does not apply to deeds of trust.

issues other than the interpretation of section 2932.5, that "a deed of trust is tantamount to a mortgage with a power of sale" (*Monterey S.P. Partnership v. W. L. Bangham, Inc.* (1989) 49 Cal.3d 454, 463 [261 Cal.Rptr. 587, 777 P.2d 623]), the court has not addressed section 2932.5 and the statute, by its plain terms, does not apply to deeds of trust. ■ (*Stockwell, supra,* 7 Cal.App. at pp. 415–416; *Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1214 [117 Cal.Rptr.3d 342, 241 P.3d 840] [if statute is unambiguous, we must presume the Legislature meant what it said and the statute's plain meaning controls].)

Contrary to Haynes's argument, section 2932.5's purpose is not to ensure that borrowers can identify who is holding their loans.[6] Section 2932.5 requires the recorded assignment of a mortgage so that a prospective purchaser knows that the mortgagee has the authority to exercise the power of sale. This is not necessary when a deed of trust is involved, as the trustee conducts the sale and transfers title. (See *Domarad v. Fisher & Burke, Inc.* (1969) 270 Cal.App.2d 543, 554 [76 Cal.Rptr. 529]. ["The purpose of the recording statutes is to give notice to prospective purchasers or mortgagees of land of all existing and outstanding estates, titles or interest, whether valid or invalid, that may affect their rights as bona fide purchasers."].) It is the trustee's holding and transferring of title that underlies the application of different recording requirements than those required of mortgagees under section 2932.5. As pointed out by defendants, the literal application of section 2932.5 to deeds of trust would effectively require the power of sale to be transferred to the lender, contrary to the terms of the trust deed and of section 2934a which provides detailed requirements for the transfer of the power of sale to another *trustee*.

■ In sum, we conclude that the weight of authority, including the long-standing *Stockwell* opinion, mandates that where a deed of trust is involved, the trustee may initiate foreclosure irrespective of whether an assignment of the beneficial interest is recorded. As the trial court succinctly stated in its decision sustaining the demurrer without leave to amend, "the purpose of [section] 2932.5 is to maintain a clear record of title by requiring mortgagees, given the power to sell real property, to record assignments of that right to assignees. (*Stockwell, supra,* 7 Cal.App. at p. 417.) Without a proper record indicating who currently holds the note that gives the power to sell, a purchaser of the property is at risk of buying an encumbered title. [(*Ibid.*)] In contrast, a deed of trust passes legal title to the trustee, 'thus enabling him in executing the trust to transfer to the purchaser a marketable

---

[6] We note that paragraph 20 of Haynes's deed of trust provides that all or part of the promissory note may be sold without prior notice to the borrower, and sets forth requirements for notifying the borrower of any change in the loan services, including any statutory and regulatory notification requirements imposed by the Real Estate Settlement Procedures Act of 1974 (12 U.S.C. § 2601 et seq.) and its implementing regulations (Regulation X, 24 C.F.R. § 3500 et seq. (2011)).

record title.' " Accordingly, there was no requirement that the assignment from MERS to QLSC be recorded prior to the institution of nonjudicial foreclosure.[7]

## DISPOSITION

The judgment is affirmed.

Reardon, Acting P. J., and Sepulveda, J.,[*] concurred.

Appellant's petition for review by the Supreme Court was denied August 8, 2012, S202996.

---

[7] We are cognizant that there continues to be a controversy among the various federal courts concerning whether section 2932.5's limitation to mortgages continues to be viable given the similarities between mortgages and deeds of trusts. The issue is one that the Legislature may wish to consider.

[*] Retired Associate Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.