

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| LEVI BENSON, III, an individual, | No. 12-56595 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-06674-SJO-SS |
| v. | |
| OCWEN LOAN SERVICING, LLC, a business entity type unknown and HSBC BANK USA, NA, As Trustee on Behalf of Ace Securities Corp. Home Equity Loan Trust and for The Registered Holders of Ace Securities Corp. Home Equity Loan Trust, Series 2007-ASAP2, Asset Backed Pass-Through Certificates. A business entity type unknown, All Persons Unknown, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted March 7, 2014[**]
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: BYBEE, BEA, and IKUTA, Circuit Judges.

Levi Benson, III, appeals from the district court's judgments pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56 dismissing with prejudice his action against Ocwen Loan Servicing, LLC ("Ocwen"), and HSBC Bank USA, NA, as Trustee on behalf of Ace Securities Corp. Home Equity Loan Trust and the Registered Holders of Ace Securities Corp. Home Equity Loan Trust, Series 2007-ASAP2, Asset-Backed Pass-Through Certificates ("HSBC"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in dismissing Benson's negligence claim against Ocwen and HSBC for failure to state a claim, because neither Ocwen nor HSBC owed Benson a common law duty of care. *See Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 67 (2013). The duty of care imposed on construction lenders, *see Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 898 (2013), does not apply in the residential loan context, *Lueras*, 221 Cal. App. 4th at 66–67. Benson waived his new theory of negligence (that HSBC breached a duty of care by demanding illegal payments) by failing to raise it to the district court. *See El Paso v. Am. W. Airlines, Inc. (In re Am. W. Airlines, Inc.)*, 217 F.3d 1161, 1165 (9th Cir. 2000).

The district court properly granted summary judgment to the defendants on Benson's wrongful foreclosure claim. First, as the trustee substituted for the original trustee designated on Benson's deed of trust, Western Progressive LLC ("Western Progressive") had the legal right to foreclose on the property. Mortgage Electronic Registration Systems, Inc. ("MERS") had the authority to substitute Western Progressive as the trustee because MERS was the beneficiary on the deed of trust, *see* Cal. Civ. Code § 2934a(a)(1), and was HSBC's nominee, *see Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 270–71 (2011). Because the assignment of a deed of trust need not be recorded, *Haynes v. EMC Mortg. Corp.*, 205 Cal. App. 4th 329, 336–37 (2012), the lack of a recorded assignment or endorsement of the deed of trust from TLP Funding to HSBC provides no support for Benson's claim that MERS lacked authority to act as HSBC's nominee. Benson waived the theory that the recorded deed of trust was forged because he raised it for the first time in his opposition to the defendants' summary judgment motion. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1291–94 (9th Cir. 2000).

Second, we reject Benson's wrongful foreclosure claim based on the defendants' failure to contact him pursuant to California Civil Code section 2923.5. This claim fails because the foreclosure sale has already occurred, and

3

therefore Benson has no available remedy.  *Skov v. U.S. Bank Nat'l Ass'n*, 207 Cal. App. 4th 690, 696 (2012).

Finally, we reject Benson's wrongful foreclosure claim based on the defendants' failure to publicly announce the new sale date at the originally scheduled public auction pursuant to California Civil Code section 2924g.  Benson received actual notice of the new sale date, and has not adduced evidence that any failure to make a public announcement deprived him of equity in the property or prevented a qualified person from bidding on the property at the auction. Accordingly, Benson cannot show prejudice from the alleged violation, as required by California law for procedural irregularities in the provision of notice of a nonjudicial foreclosure sale.  *See Knapp v. Doherty*, 123 Cal. App. 4th 76, 94–97 (2004).

The district court did not err in rejecting Benson's fraud claim premised on the misinformation allegedly provided by Ocwen's representative, because Benson failed to raise a genuine issue of material fact as to Ocwen's knowledge of falsity or intent to defraud.  *See Small v. Fritz Cos.*, 30 Cal. 4th 167, 173 (2003).

Each of Benson's arguments as to how the defendants violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200–17210, fails as a matter of law or has been waived.  Benson waived his theory that

4

irregularities regarding MERS's activities violated the UCL because he raised it for the first time on appeal. *Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010). For the same reason, Benson waived his theory that Ocwen's alleged misrepresentations to borrowers about how to complete a loan modification application violated the UCL. Moreover, because no evidence suggests Benson had the ability to cure his default, he has not shown an injury in fact from the defendants' alleged failure to allow him to cure. Benson likewise failed to show any injury in fact from the alleged failure to announce publicly the new sale date at the originally scheduled auction. Therefore, Benson lacked standing to maintain a UCL claim based on these theories. *See Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 322 (2011); Cal. Bus. & Prof. Code § 17204. Finally, Benson has failed to adduce any evidence that Ocwen denied his loan modification for an improper reason, and thus a UCL claim based on this theory cannot survive summary judgment.

The district court correctly concluded that Benson's claim for rescission of the Occupancy Termination Agreement is moot because Ocwen and HSBC have obtained a judgment in state court for possession of the property.

Benson's quiet title claim against Ocwen and HSBC is meritless because California law requires a borrower to repay the debt secured before quieting title

against the lender, *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934), and Benson has pointed to no evidence that he paid the debt or that he could pay it. Even though tender may not be necessary to quiet title if a foreclosure sale is void, *see Pfeifer v. Countrywide Home Loans, Inc.*, 211 Cal. App. 4th 1250, 1280–81 (2012), Benson has not prevailed on any claims that would render the sale void.

Benson waived his argument that the district court should have granted him leave to amend his complaint a second time because he did not raise it to the district court or in his opening brief. *Hillis*, 626 F.3d at 1019. Benson also waived his argument that the district court should have permitted the removal of the factually related unlawful detainer action because he did not raise it to the district court. To the extent this due process claim is based on the remand order entered by a different district court judge, it fails for the additional reason that the remand order is not a final decision in this case. *See* 28 U.S.C. § 1291.

Finally, because the district court did not err in ruling in favor of the defendants, we reject Benson's argument that the district court erred by awarding costs to Ocwen and HSBC. *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003).

**AFFIRMED.**