

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: MARYETTA CHRISTINA MARKS, <br><br> Debtor, <br> ――――――――――――― <br> MARYETTA CHRISTINA MARKS, AKA MaryEtta Christina Marks, <br><br> Appellant, <br><br> v. <br><br> KATHY A. DOCKERY and WELLS FARGO BANK, NA, Trustee for Option One Mortgage Loan Trust 2007-6, Asset-Backed Certificates, Series 2007-6, <br><br> Appellees. | No. 13-60004 <br><br> BAP No. 12-1140 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Dunn, and Hollowell, Bankruptcy Judges, Presiding

―――――――――――――

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted: December 9, 2015[**]

Before:       WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

MaryEtta C. Marks appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's order granting Wells Fargo Bank, N.A.'s ("Wells Fargo") motion for relief from the automatic stay.  We have jurisdiction under 28 U.S.C. § 158(d).  We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling.  *Boyajian v. New Falls Corp.* (*In re Boyajian*), 564 F.3d 1088, 1090 (9th Cir. 2009).  We review a party's standing de novo. *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010).  We affirm.

Wells Fargo had standing to seek relief from the automatic stay because it had a "colorable claim to the property at issue." *Arkison v. Griffin* (*In re Griffin*), 719 F.3d 1126, 1128 (9th Cir 2013); *Haynes v. EMC Mortg. Corp.*, 140 Cal. Rptr. 3d 32, 37 (Ct. App. 2012) ("[W]here a deed of trust is involved, the trustee may initiate foreclosure irrespective of whether an assignment of the beneficial interest is recorded.").

We reject Marks's argument that Wells Fargo's motion was void because it

---

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

13-60004

contained a false statement regarding the date the court converted her bankruptcy case to Chapter 13. Any error in the motion was harmless because her bankruptcy petition was subsequently converted to Chapter 13 *nunc pro tunc*.

We do not consider Marks's arguments relating to the securitization of the subject loan or the alleged "separation" of the deed of trust and promissory note as they were not raised before the bankruptcy court. *See Mano-Y&M, Ltd. v. Field* (*In re Mortgage Store, Inc.*), 773 F.3d 990, 998 (9th Cir. 2014) ("A litigant may waive an issue by failing to raise it in a bankruptcy court.").

**AFFIRMED**.