Filed 7/14/16  Tonini v. Recontrust Co. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| RICHARD B. TONINI, | D066600 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2013-00072864-CU-PT-NC) |
| RECONTRUST COMPANY, N.A. et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy M. Casserly, Judge.  Affirmed.

Richard B. Tonini, in pro. per., and Charles T. Marshall for Plaintiff and Appellant.

Severson & Werson, Jan T. Chilton and Kerry W. Franich for Defendants and Respondents.

This action arises out of a real estate loan made to Richard Tonini (Plaintiff), secured by a deed of trust, on a residential property he purchased in Carlsbad, California.

Plaintiff brings six related causes of action against his lender's successors and their appointed trustees, alleging wrongful nonjudicial foreclosure and other theories. Four of the defendants and respondents, ReconTrust Company, N.A. (ReconTrust, the current trustee), Deutsche Bank National Trust Company (Deutsche Bank, the holder of the beneficial interest in the trust deed), Bank of America, N.A. (BANA, the loan servicer), and Mortgage Electronic Registration Systems, Inc. (MERS, the assignor), filed a demurrer to the operative pleading, the first amended complaint (FAC).[1] The court sustained the demurrer without leave to amend and dismissed the complaint.

On appeal, Plaintiff claims that he can bring this action on a preemptive basis, to establish that the notices of default and an upcoming foreclosure sale of the property were not initiated by the correct party and were thus "invalid." He argues Defendants lacked authority to foreclose on the property, because he is informed that the 2012 MERS assignment of the trust deed with power of sale to Deutsche Bank, and its subsequent designation of ReconTrust as trustee, occurred later than the closing date found in the pooling and servicing agreement (PSA) that is referred to in the assignment (2006). Plaintiff also contends the assignment was defectively prepared (robo-signed) and therefore insufficient to confer any rights upon Deutsche Bank or the trustee. He further

---

[1] We refer to the defendants and respondents collectively as Defendants, where appropriate. Deutsche Bank also appeared for an erroneously sued entity, IMPAC Secured Assets Corporation. The sixth defendant sued by Plaintiff was the original lender, American Brokers Conduit (ABC), which did not appear in the action and need not be discussed, as its interests were acquired or pursued by the other Defendants.

argues the lender's underlying assignment of the deed of trust and its beneficial interest did not effectively convey both the note and/or the trust deed.

In response to the California Supreme Court's issuance of its opinion in *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 942-943 (*Yvanova*), resolving questions of law about standing to sue in a similar factual and legal context, we obtained supplemental briefing on the impact of those views on the issues in this case. There, the high court decided that in a borrower's action to set aside an allegedly wrongful but completed foreclosure on a deed of trust securing a home loan, the borrower sufficiently alleged facts supporting her standing to challenge the assignment of the note and deed of trust, by pleading the assignment was allegedly void (not voidable). "A foreclosure initiated by one with no authority to do so is wrongful for purposes of such an action." (*Id.* at p. 929.) The court limited its decision to the standing issue alone, disapproving in part several cases on that point. (*Id.* at p. 939, fn. 13.)[2]

In reviewing this judgment of dismissal, we read the allegations of the FAC broadly to consider if Plaintiff has set forth sufficient facts supporting his six substantive,

---

[2]    To the extent four cases had stated a borrower who suffered or who was about to suffer a noticed nonjudicial foreclosure could not allege standing to sue, by claiming the foreclosure was based on void documents, *Yvanova*, *supra*, 62 Cal.4th at page 939, footnote 13 disapproved them on the standing issue alone. (*Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497 (*Jenkins*); *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256 (*Fontenot*); *Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75 (*Siliga*); *Herrera v. Federal National Mortgage Assn*. (2012) 205 Cal.App.4th 1495 (*Herrera*).) To the extent those four cases set forth and apply other rules of law, they evidently remain valid authority and we will cite them without repeating this disapproval history. (See *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079, 1098-1100 (*Glaski*) [borrowers have standing to assert a foreclosure sale was void if directed or conducted by a party other than the true owner of the note].)

3

related claims. Even if we assume his causes of action are framed in terms of an allegedly void assignment, he has still failed to plead any facts that establish he has standing to sue on a preemptive basis, to pursue these theories of wrongful nonjudicial foreclosure and related claims of invalidity. (*Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808, 814-815 (*Saterbak*) [such preemptive suits disallowed as impermissibly interjecting the courts into legislative nonjudicial foreclosure scheme]; *Jenkins, supra,* 216 Cal.App.4th at p. 513.) We find no error or abuse of discretion and affirm the judgment of dismissal.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Loan, Default and Foreclosure Proceedings*

It is not disputed that Plaintiff obtained a loan in September 2006 from ABC on a residential property in Carlsbad. His promissory note is secured by a deed of trust that encumbers the property. This deed of trust identifies MERS as beneficiary, as the nominee for the lender and the lender's successors and assigns, who may hold legal title and act for the lender. Alliance Title was identified as trustee. Plaintiff defaulted on his payments.

In April 2012, MERS assigned the beneficial interest in the deed of trust to Deutsche Bank, with the assistance of BANA, the loan servicer. Deutsche Bank substituted ReconTrust as the trustee. In August 2012, ReconTrust recorded a notice of default, giving the balance owed as $84,568.49 as of that time. Since Plaintiff had not cured the default, ReconTrust and its affiliated title company recorded a notice of trustee's sale in October 2013.

4

B. *This Action and Demurrer*

Plaintiff filed this action in October 2013, and the FAC in January 2014. On information and belief, he alleges the MERS assignment of the deed of trust to Deutsche Bank was defective, because it was recorded after the 2006 PSA trust closing date, and/or the signature was invalid (robo-signed). Also on information and belief, he claims the promissory note "was split off from the deed of trust and sold separately on Wall Street," such that Deutsche Bank does not own the underlying debt and should not foreclose. Based on that scenario, he asserts causes of action for (1) wrongful foreclosure; (2) quiet title; (3) declaratory relief; (4) fraud and deceit; (5) violation of Business and Professions Code section 17200 et seq. (unfair business practices; the UCL); and (6) civil conspiracy. He attached the trust deed and foreclosure notice documents as exhibits to the FAC, to allege no proper transfers were shown.

Defendants demurred to the FAC, arguing that all causes of action failed because Plaintiff was not entitled to enforce the terms of the underlying PSA on his theory that the beneficial interest in the trust deed was invalidly transferred due to improper securitization. Also, Plaintiff's claim failed because he had not alleged he had tendered the amount in default, to prevent the trustee's sale from taking place. Along with the demurrer, Defendants sought judicial notice of the 2006 trust deed and the subsequent assignment and substitution of trustees. Judicial notice was also sought of the notices of default and trustee's sale (same documents as attached to FAC). (Evid. Code, §§ 451, subd. (f) [facts and propositions of generalized knowledge], 452, subds. (c), (g), (h) [recorded documents/common knowledge].)

5

C. *Ruling; Motion for Judicial Notice and Letter Briefs, Pending Appeal*

Over Plaintiff's opposition, the trial court sustained the demurrer without leave to amend. First, the court agreed to take judicial notice of the existence of the recorded documents that showed the course of the assignments of the lender's interests in the note and deed of trust. However, the court declined to take judicial notice establishing the truth of statements of fact recited within those documents, or to resolve the case upon those documents alone. (*Herrera*, *supra*, 205 Cal.App.4th at p. 1509; *Fontenot*, *supra*, 198 Cal.App.4th at p. 265; see fn. 2, *ante*.)

In issuing its ruling, the trial court concluded that Plaintiff could not demonstrate that the transfer of the obligation into the trust was improper, because he had no standing to do so. Plaintiff did not dispute that he had defaulted on the loan and had not tendered the amount owing. He was not entitled to delay the foreclosure without such a tender. The FAC thus failed to support its allegations of wrongful foreclosure, and Plaintiff could not show prejudice entitling him to such relief or a quiet title decree.

In analyzing the related causes of action for declaratory relief, fraud, unfair competition, and conspiracy, the court ruled that Plaintiff's allegations of defects in the assignment of the beneficial interest in the trust deed (as untimely or invalid within the terms of the PSA) were inadequate to support those theories as well. The court found no indication of how Plaintiff could amend the FAC to state viable causes of action, and sustained the demurrers without leave to amend. Judgment was entered accordingly.

Plaintiff timely filed his notice of appeal. Defendants filed their brief responding to the appeal and also brought a motion requesting this court to take judicial notice of

6

records in a previous federal court action brought by Plaintiff, which had also challenged the foreclosure proceedings and was dismissed without prejudice as to some of its claims. Defendants sought to rely on that material in support of their initial appellate argument about whether collateral estoppel should bar this action. The motion was deferred to the merits panel, and was denied in a separate order. We need not further discuss the collateral estoppel arguments and instead address the other dispositive legal questions presented.

Following the issuance of *Yvanova*, we obtained and considered supplemental briefing on its impact on the issues in this case, as will next be discussed.

DISCUSSION

I

*APPLICABLE STANDARDS*

The nonjudicial foreclosure statutory scheme was intended to provide systematic protections for creditors, debtors, and bona fide purchasers alike. (*Moeller v. Lien* (1994) 25 Cal.App.4th 822, 830.) Such a sale is entitled to a presumption of regularity, with the burden of proof resting on the party seeking to overcome the presumption. (*Fontenot, supra,* 198 Cal.App.4th at p. 270.) Standing to pursue a cause of action must be demonstrated through the party's allegation of facts to show there was such a claimed impropriety. (*Saterbak*, *supra*, 245 Cal.App.4th at pp. 813-814.)

"A demurrer tests the legal sufficiency of the factual allegations in a complaint." (*Siliga*, *supra*, 219 Cal.App.4th at p. 81.) On appeal, we review the complaint de novo to determine whether the complaint alleges facts sufficient to state a cause of action. (*Ibid.*)

7

We "assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded and matters of which judicial notice has been taken. [Citation.] We construe the pleading in a reasonable manner and read the allegations in context. [Citation.] We must affirm the judgment if the sustaining of a general demurrer was proper on any of the grounds stated in the demurrer, regardless of the trial court's stated reasons." (*Ibid.*; *Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6 (*Evans*).)

If a demurrer is sustained without leave to amend, we utilize an abuse of discretion standard in reviewing the trial court's decision to deny leave to amend. (*Gomes v. Countrywide Home Loans*, *Inc.* (2011) 192 Cal.App.4th 1149, 1153 (*Gomes*).) "It is an abuse of discretion to sustain a demurrer without leave to amend if there is a reasonable probability that the defect can be cured by amendment. [Citation.] [However, t]he burden is on the plaintiff to demonstrate how the complaint can be amended to state a valid cause of action. [Citation.] The plaintiff can make that showing for the first time on appeal." (*Siliga*, *supra*, 219 Cal.App.4th at p. 81.)

II

*CLAIMS OF INVALID ASSIGNMENT OF BENEFICIAL INTEREST*

A. Invalidity; Void or Voidable Transactions

Plaintiff's various theories for asserting the assignment of the lender's beneficial interest in the trust deed was wrongful or invalid mainly depend on his claim he has other information and belief about the PSA underlying the documents attached to his FAC. He seeks to show the assignments and foreclosure notices were subject to additional

8

requirements that were not met (e.g., timeliness).  In light of the rules announced in *Yvanova,* we address the issues of law presented.

As the key holding in *Yvanova, supra,* 62 Cal.4th at page 935, the court stated, "If a purported assignment necessary to the chain by which the foreclosing entity claims that power is absolutely void, meaning of no legal force or effect whatsoever [citations], the foreclosing entity has acted without legal authority by pursuing a trustee's sale, and such an unauthorized sale constitutes wrongful foreclosure."  Thus, "a borrower who has suffered a nonjudicial foreclosure does not lack standing to sue for wrongful foreclosure based on an allegedly void assignment merely because he or she was in default on the loan and was not a party to the challenged assignment."  (*Id.* at p. 924.)

In *Yvanova*, the court declined to decide certain related issues, as not falling within the scope of the standing question presented:  (a) whether a borrower is always precluded from bringing a preemptive suit to stop a threatened nonjudicial foreclosure, by making allegations that the foreclosing party's interest is void (*Yvanova, supra,* 62 Cal.4th at pp. 924, 934, 939); (b) whether a transfer of trust documents to a securitized real estate trust after its closing date constitutes a void or a voidable transfer (*id.* at pp. 931, 933, fn. 10, 934); (c) whether a plaintiff has to allege tender to state such a cause of action for a completed wrongful foreclosure upon void documents (*id.* at p. 929, fn. 4); (d) whether prejudice is an element of the wrongful foreclosure tort (*id.* at pp. 929, fn. 4, 937). *Yvanova* also declined to review the lower court's holding that the borrower's quiet title claim was defective in that instance.  (*Id.* at p. 926.)  *Yvanova* further took note that the

9

California Homeowner Bill of Rights applies to title-related documents recorded on or after the effective date of that legislation, January 1, 2013. (*Yvanova,* at pp. 941-942).[3]

As a threshold matter, Plaintiff cannot properly claim in his supplemental briefing that for purposes of analyzing standing questions, there is no difference between a completed foreclosure sale, as occurred in *Yvanova,* and a noticed but pending foreclosure sale, such as he is still trying to prevent. *Yvanova* clearly distinguishes for standing purposes between these two types of wrongful foreclosure actions. In *Yvanova, supra,* 62 Cal.4th at pages 924, 934 and 939, the Supreme Court declined to address the criteria for a borrower to have standing to bring a preemptive action that seeks to prevent a foreclosure sale from going forward (e.g., on void documents). The court was only addressing the rights of already foreclosed-upon borrowers, not defaulting borrowers whose foreclosure sales have not yet occurred. (*Id.* at pp. 934-935, 939; *Saterbak*, *supra*, 245 Cal.App.4th at p. 815 [*Yvanova's* ruling is expressly limited to the postforeclosure context].)

Here, the FAC does not utilize the terms void and voidable, instead claiming "invalidity" of the relevant foreclosure documents. In light of the discussion in *Yvanova*,

---

3    "The California Homeowner Bill of Rights prohibits, among other things, 'dual track' foreclosures, which occur when a servicer continues foreclosure proceedings while reviewing a homeowner's application for a loan modification; requires a single point of contact for homeowners who are negotiating a loan modification; and expands notice required to be given to the borrower before the lender can take action on a loan modification or pursue foreclosure. [Citation.] The California Homeowner Bill of Rights became effective on January 1, 2013." (*Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 86, fn. 14 (*Lueras*); Civ. Code, § 2923.4 et seq.; all further statutory references are to the Civil Code unless noted.)

10

carefully distinguishing between void transactions and voidable transactions, and in this de novo review of the demurrer ruling, we shall assume for purposes of analysis that Plaintiff is attempting to allege his best case, that these transactions were based on "void" documents and he may have standing to bring a preemptive claim. We read the FAC broadly and assume its properly pleaded facts are true. However, we disregard contentions, deductions, and conclusory statements of either fact or law. (*Evans*, *supra*, 38 Cal.4th at p. 6.)

### B. Alleged Defects in Assignments

The elements of the tort of wrongful foreclosure are: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 104.)

Plaintiff first argues that under the terms of the relevant PSA, his loan was not securitized and transferred into a trust in a timely manner, until after the closing date of the trust. He asserts Defendants did not obtain authority to foreclose as assignees of both the original lender's beneficial interest and the power of sale in the trust deed.

In *Saterbak*, *supra*, 245 Cal.App.4th at page 815, this court observed that *Yvanova* "expressly offers no opinion as to whether, under New York law, an untimely assignment to a securitized trust made after the trust's closing date is void or merely voidable."

11

(*Yvanova, supra,* 62 Cal.4th at pp. 931, 940-941.) In *Saterbak*, we treated such a delayed assignment as voidable in nature, not void, and then concluded that the plaintiff lacked standing to challenge such an alleged defect in the underlying assignment of the trust deed. (*Saterbak,* at pp. 814-815; see *Rajamin v. Deutsche Bank Nat'l Trust Co.* (2d Cir. 2014) 757 F.3d 79, 90 [under New York law, an improper transfer into investment trust is voidable, not void].) The portion of the holding in *Glaski* on the purported effect of an untimely assignment is not controlling and we need not consider it further. *(Saterbak*, at p. 815, fn. 5.)

As explained in *Saterbak,* there are valid statutory and policy reasons for disallowing preemptive lawsuits that seek to determine whether a representative has been authorized by the holder of the beneficial interest to initiate a foreclosure. (*Saterbak, supra,* 245 Cal.App.4th at pp. 814-815; *Gomes*, *supra*, 192 Cal.App.4th at p. 1156.) Allowing a borrower "to impose the additional requirement that [an entity seeking to foreclose on a property] demonstrate in court that it is authorized to initiate a foreclosure . . . would be inconsistent with the policy behind nonjudicial foreclosure of providing a quick, inexpensive and efficient remedy." (*Gomes,* at p. 1154, fn. 5.) To the extent the Supreme Court's views in *Yvanova* do not preclude the bringing of a preemptive action to claim a proposed foreclosure would be invalidly based upon void documents, there are still no sufficient facts in the FAC to support allegations that these documents are void on their face and thus unsuitable for the initiation of foreclosure proceedings. (*Yvanova, supra,* 62 Cal.4th at pp. 924, 934, 939.)

12

In his supplemental letter brief, Plaintiff makes several interesting but meritless arguments. First, he asserts as a factual matter that the original lender, ABC, could not have participated in the assignment transactions because ABC went out of business or bankrupt in 2008. The record does not disclose that information about ABC. Instead, Plaintiff alleges only on information and belief, as above, that the lender's successor did not obtain a secured interest in the property.

Generally, the owner of a promissory note secured by a deed of trust is deemed to be the beneficiary of the deed of trust. (*Fontenot, supra,* 198 Cal.App.4th at p. 267.) "Under the MERS System, however, MERS is designated as the beneficiary in deeds of trust, acting as 'nominee' for the lender, and granted the authority to exercise legal rights of the lender." (*Ibid.*) When authority is granted to exercise all of the rights and interests of the lender, this includes the authority to assign the deed of trust. (*Siliga*, *supra*, 219 Cal.App.4th at p. 84; *Saterbak*, *supra*, 245 Cal.App.4th at p. 816.) Under these rules, Plaintiff has not pled or supplied judicially noticeable existing facts to demonstrate the foreclosure was invalidly initiated. (*Herrera, supra*, 205 Cal.App.4th at p. 1506.)

Plaintiff alternatively contends the transfer to the real estate trust was invalid due to signature defects in the assignment documents. Here too, he has no standing to claim he was caused harm by any variance from the PSA's or other signature requirements, in the MERS assignment of the beneficial interest in the loan. Even if there had been any failure to comply with the terms of the PSA, such as if the nominee's or trustee's representative did not properly execute documents, those unauthorized acts could be

13

ratified and they would not make the transactions void, but voidable by the beneficiary. (*Saterbak*, *supra*, 245 Cal.App.4th at p. 815.)

### C. Alleged Basis for Standing Under Trust Deed Provisions

To the extent that Plaintiff alternatively contends the assignment was illegal, by referring to paragraph No. 16 in the trust deed (requiring compliance with governing law), he does not support such a claim. He cannot properly rely on California Uniform Commercial Code section 3501 or section 3602 to claim that the presentment of the debt was not made by a person entitled to receive payment under the instrument. (*Id.*, §§ 3501, subd. (a), 3602, subd. (a).) The statutory scheme for nonjudicial foreclosures (in Civ. Code, § 2924 et seq.) is separate from the California Uniform Commercial Code negotiable instrument provisions, and these proceedings were not controlled by the California Uniform Commercial Code. (*Debrunner v. Deutsche Bank National Trust Co.* (2012) 204 Cal.App.4th 433, 440-441.)

To claim a lack of adequate notice, Plaintiff relies on the trust deed's paragraph Nos. 15 (notices) and 16 (governing laws, etc.). He asserts they required that a notification of change in beneficial interest would be mailed to him by certified mail, which was not done and thus left him in doubt as to who was the holder that had a right to be paid or to enforce the privileges granted in the deed of trust. Those cited paragraphs are more general in nature for requiring methods for notice to be given, and do not impose separate requirements as claimed. The documents attached to his FAC do not demonstrate any lack of compliance with the terms of the trust deed.

14

Moreover, Plaintiff was placed on notice through paragraph No. 20 of the trust deed that the note or security instrument could be sold one or more times without prior notice to him, and cause a change in the identity of the owner or loan servicer. (*Saterbak*, *supra*, 245 Cal.App.4th at p. 817 [presuit notice provisions in the trust deed documents do not apply to alleged defects in the PSA].) Nothing in the documents provided shows that the successor beneficiary, Deutsche Bank, did not have the authority to record the substitution of trustee document, or to direct the recording of a notice of default and election to sell under the trust deed securing the debt. Plaintiff cannot rely on information and belief about the PSA in this respect to support any claims of invalidity or voidness. (*Gomes*, *supra*, 192 Cal.App.4th at pp. 1158-1159.)

In his reply brief, Plaintiff added an argument that the enactment of the Homeowners Bill of Rights (§ 2923.4 et seq.) shows that public policy supports the protection of homeowners against abusive practices, such as a foreclosure by the wrong party. These recorded documents predate the effective date of that legislation and such policy arguments are not persuasive on this record. (*Saterbak*, *supra*, 245 Cal.App.4th at p. 818.)

### D. No Separation of Note and Trust Deed

Plaintiff is incorrect in asserting that his promise to pay is no longer involved in this lawsuit. He cannot properly claim that "the only matter at issue in this instant case is the deed of trust and the privileges contained therein." First, he shows no factual basis to challenge the signature on the trust deed and makes only conclusory claims. (*Gomes*, *supra*, 192 Cal.App.4th at pp. 1158-1159 [pleading must include the information that

15

leads a plaintiff to believe certain allegations are true].) There is no dispute that he executed the loan note, it is secured by a deed of trust, and he is indebted accordingly.

The right to enforce the deed of trust follows the assignment of the debt as a matter of statutory law. (§ 2936; *Yvanova, supra,* 62 Cal.4th at p. 927 [trust deed "is inseparable from the note it secures, and follows it even without a separate assignment"].) As explained in *Herrera*, in the lending industry, the assignment of the underlying debt (the promissory note) is not commonly a recorded transaction. By contrast, the deed of trust that is the security for the note is routinely recorded. (*Herrera, supra*, 205 Cal.App.4th at p. 1506; *Kan v. Guild Mortgage Co.* (2014) 230 Cal.App.4th 736, 744, fn. 2 (*Kan*).) These transactions are not necessarily accomplished at the same time: "[T]he lender could have assigned the note to the beneficiary in an unrecorded document not disclosed to plaintiffs." (*Herrera,* at p. 1506; *Fontenot*, *supra*, 198 Cal.App.4th at p. 272.) There are different requirements for transfers of a power of sale under a mortgage lien, which is not shown to be involved here. (See *Calvo v. HSBC Bank USA, N.A.* (2011) 199 Cal.App.4th 118, 122-124 [discussing statutory requirements in § 2932.5 for mortgage liens, for recording of an assignment of a beneficial interest in a debt secured by real property].)

Since we are assuming for the sake of argument that Plaintiff's claims of invalidity also encompass voidness theories, arguably, he could be excused from a requirement to tender payment. (*Yvanova*, *supra*, 62 Cal.4th at p. 929, fn. 4.) He claims he could not know which defendant could accept an offer of payment, and he should be excused from the requirement of tender in this allegedly unauthorized or inequitable foreclosure

16

proceeding. (See *Chavez v. Indymac Mortgage Services* (2013) 219 Cal.App.4th 1052, 1062 [tender exceptions]; *Hicks v. E. T. Legg & Associates* (2001) 89 Cal.App.4th 496, 504 [tender requirements].) As outlined above, however, his assertions that the assignment transactions were void under the PSA are unsupported by the law or the facts as pled, and no plausible reading of the FAC would support a conclusion the tender requirement should be excused. (See *Fontenot*, *supra*, 198 Cal.App.4th at p. 272.)

### E. Alternative Theories; Denial of Leave to Amend

Each of the FAC's causes of action is based on the same allegations of allegedly wrongful foreclosure upon technically insufficient documents. Plaintiff asserts in the alternative that the assignment of the beneficial interest in the deed of trust was fraudulently signed. Such a tort claim is not supported by enough specificity, such as allegations about detrimental reliance. He also suggests that since he is framing some of his causes of action in tort, a lack of privity of contract between Plaintiff and the assigning lending institutions or collection agencies should not matter. Without more pleaded facts in support of allegations that the initiation of the nonjudicial foreclosure process was based upon void documents, such tort claims (e.g., conspiracy) fail. Also, to the extent Plaintiff failed to establish standing to pursue a predicate cause of action, he cannot pursue his UCL claims. (*Kwikset Corp v. Superior Court* (2011) 51 Cal.4th 310, 323-326.)

To the extent Plaintiff seeks to quiet title to the property, he must allege payment of the outstanding indebtedness. (*Lueras, supra,* 221 Cal.App.4th at p. 86.) This he has not done. The FAC admits that the debt burdens the property, and these Defendants are

17

not disputing the state of title, but seek to enforce the obligation represented by the loan, as an item of personal property. Defendants supplied judicially noticeable materials supporting their assertions that the chain of title was adequately preserved and they can enforce the security interest. (See *Kan, supra,* 230 Cal.App.4th at pp. 740-741, cited without disapproval in *Yvanova*, *supra,* 62 Cal.4th at pp. 940-941 [no valid cause of action for quiet title based on allegations that an attempt to transfer a deed of trust to an investment trust was void for lack of compliance with the trust's PSA].) Plaintiff has not shown a need for declaratory relief based on the relevant documents provided. (*Gomes*, *supra*, 192 Cal.App.4th at p. 1158.)

Plaintiff alternatively argues the demurrer rulings seemed to imply he could amend his complaint to more completely plead his case. However, the judgment dismissed the action without any indication it was done without prejudice, and it must be interpreted accordingly. Even in light of liberal pleading rules, the trial court's exercise of discretion in sustaining a demurrer without leave to amend is not abused where the plaintiff cannot show a reasonable possibility of curing the defects in the complaint. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 970-971; *Careau & Co. v. Security Pacific Business Credit*, *Inc.* (1990) 222 Cal.App.3d 1371, 1387.) Plaintiff must show in what manner the pleadings may be amended and how such amendments will change their legal effect. (*Careau & Co.*, at p. 1388.) Such a showing may be made for the first time on appeal, even where a plaintiff made no request for leave to amend in the trial court. (Code Civ. Proc., § 472c, subd. (a); *Aubry*, at p. 971.)

18

Plaintiff has not specified how his chief allegation on assignability, that the PSA timing or signature requirements were violated and he was accordingly caused harm, could be amended. He relies instead on conclusory allegations of information and belief and on unsupported legal arguments. The trial court took judicial notice of the relevant documents in an appropriate and limited manner, and properly examined the allegations as a whole. The ruling was correct as a matter of law and no abuse of discretion occurred in the denial of leave to amend the FAC.

## DISPOSITION

The judgment is affirmed. Defendants shall recover their costs on appeal.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


NARES, J.