

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and MERSCORP HOLDINGS, INC., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> DANIEL W. ROBINSON and DARLA J. ROBINSON, <br><br> Defendants-Appellants. | No.    15-55347 <br><br> D.C. No. 2:13-cv-07142-PSG-AS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted December 8, 2016**
Pasadena, California

Before:  CALLAHAN, BEA, and IKUTA, Circuit Judges.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Daniel and Darla Robinson appeal the district court's order granting Mortgage Electronic Registration Systems, Inc.'s (MERS)[1] motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly concluded that it had subject matter jurisdiction under 28 U.S.C. § 1332(a). The *Rooker-Feldman* doctrine did not deprive the district court of jurisdiction because MERS was not a party to the Robinsons' state court quiet title action. *See Lance v. Dennis*, 546 U.S. 459, 464-66 (2006) (per curiam).

The district court did not err in concluding as a matter of law that the Robinsons obtained the quiet title judgment in violation of MERS's rights under section 762.010 of the California Code of Civil Procedure. The deed of trust on the property, which was signed by the Robinsons and properly recorded with the Los Angeles County Recorder's Office, designates MERS as the nominee of the lender and the lender's successors and as the beneficiary under deed of trust.[2] By

---

[1] The appellees here (plaintiffs below) are MERS and MERSCORP Holdings, Inc. For convenience, we refer to appellees as "MERS."

[2] The Robinsons argue that the deed of trust should be voided pursuant to California Revenue and Taxation Code section 23304.1, because MERS was not registered to do business in California at the time the deed of trust was executed and therefore did not have the capacity to enter into a contract. However, section 23304.1 is inapplicable here, because MERS did not enter into any contract; MERS was named in the deed of trust, but was not a signatory of it.

2

executing the deed of trust, the Robinsons agreed that MERS had the authority to initiate foreclosure proceedings on the property. *See Calvo v. HSBC Bank USA, N.A*, 199 Cal. App. 4th 118, 125 (2011); *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1157-58 (2011). Therefore, MERS had a recorded adverse claim against the property under the deed of trust, and the Robinsons were required to name MERS as a defendant in the quiet title action.[3] *See* Cal. Civ. Proc. Code §§ 760.010(a), 762.060.

The district court did not abuse its discretion in denying the Robinsons' motion to modify the scheduling order because the Robinsons failed to act diligently and failed to show good cause. Fed. R. Civ. P. 16(b)(4); *see Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). The district court acted within its discretion in denying the Robinsons' motion to compel discovery because the motion was untimely and the Robinsons have not shown that they

---

[3] The district court properly concluded that MERS had standing to bring this suit for the same reasons that summary judgment was proper. MERS suffered an injury in fact when the Robinsons failed to name it as a defendant in their quiet title action, depriving MERS of the opportunity to assert its adverse claim against the property prior to the expungement of the deed of trust. This injury was fairly traceable to the Robinsons' failure to name MERS as a defendant, and would be redressed by setting aside the quiet title judgment. *See Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008). Because we conclude that MERS, Inc. has standing, we need not consider whether MERSCORP also has standing. *See Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 918 (9th Cir. 2004).

suffered any prejudice as a result of the denial.  *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).  Finally, the district court did not abuse its discretion in denying the Robinsons' motion for a continuance because the Robinsons failed to identify any facts that would have precluded summary judgment.  Fed. R. Civ. P. 56(d); *see Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

The Robinsons' pending motion to certify questions to the California Supreme Court is DENIED.

**AFFIRMED**.