**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

         Plaintiff-Appellee,

 v.

GARY MERLE KOEPPEL, as an
individual and as Trustee for the Koeppel
Family Trust; EMMA K. KOEPPEL, as an
individual and as Trustee for the Koeppel
Family Trust,

         Defendants-Appellants,

 and

NATIONSTAR MORTGAGE LLC.; et
al.,

         Defendants.

No.   20-15640

D.C. No. 5:18-cv-03443-EJD

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted September 1, 2021[]
San Francisco, California

Before: SCHROEDER, RAWLINSON, and BYBEE, Circuit Judges.

Gary and Emma Koeppel appeal the district court's order granting Mortgage Electronic Registration System Inc.'s (MERS) motion for judgment on the pleadings. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The Koeppels sought and received a state court quiet title judgment without naming MERS, despite knowing of MERS's alleged interest in the property. MERS challenged the quiet title judgment in this action. The district court had subject matter jurisdiction under 28 U.S.C. § 1332(a). The *Rooker-Feldman* doctrine did not deprive the district court of jurisdiction because MERS was not a party to the state court quiet title action. *See Lance v. Dennis*, 546 U.S. 459, 464–66 (2006).

The district court properly concluded that MERS had standing to bring this suit. Plaintiffs seeking relief in federal court must establish the three elements that constitute the "irreducible constitutional minimum" of Article III standing, namely, that they have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). The quiet title judgment constitutes an injury in fact, which is directly traceable to the Koeppels' failure to name MERS, and is remediable through an order declaring the quiet title judgment void.

It would make little sense to excuse the Koeppels' failure to name MERS as a defendant simply because they dispute the validity of the interests asserted by MERS, which form the basis for its standing to sue. Moreover, the Koeppels' argument that MERS must show that it was an agent of the new holder of the note to demonstrate standing is unavailing. The Koeppels agreed in signing the deed of trust that MERS' position and accompanying rights would continue to CPM's assigns and successors and that the note could be sold without prior notice to the Koeppels. Indeed, California courts have approvingly cited opinions rejecting arguments that MERS lost its authority because of the sale of the note from one lender to another. *See Courtois v. Mortgage Elec. Registration Sys., Inc.*, D078198, 2021 WL 2674826, at *5 (Cal. Ct. App. June 30, 2021) (collecting cases).

The district court did not err in concluding as a matter of law that the Koeppels obtained the quiet title judgment in violation of MERS's rights under section 762.010 of the California Code of Civil Procedure, and granting judgment on the pleadings to MERS. The deed of trust on the property, which was signed by

3

Gary and Emma Koeppel and properly recorded, designates MERS as the nominee of the lender and the lender's successors and as the beneficiary under the deed of trust. By executing the deed of trust, the Koeppels agreed that MERS had the authority to initiate foreclosure proceedings on the property. *See Calvo v. HSBC Bank USA, N.A.*, 130 Cal. Rptr. 3d 815 (Cal Ct. App. 2011); *Gomes v. Countrywide Home Loans, Inc.*, 121 Cal. Rptr. 3d 819 (Cal Ct. App. 2011). Therefore, MERS had an adverse claim against the property, and the Koeppels were required to name MERS as a defendant in the quiet title action. *See* Cal. Civ. Proc. Code §§ 760.010(a), 762.060.

The mere fact that a quiet title judgment only binds those named in the judgment is no excuse for the Koeppels' failure to name MERS. While the judgment in a quiet title action "does not affect a claim in the property . . . of any person who was not a party," failing to include an indispensable party "would leave in doubt the enforceability of the deed of trust and create the potential for confusion and conflicting determinations." *Paterra v. Hansen*, 279 Cal. Rptr. 3d 77, 85, 100 (Cal. Ct. App. 2021).

The Koeppels' counterclaims were properly dismissed. The district court correctly determined that California law does not permit preemptive foreclosure

suits. *See Gomes*, 192 Cal. App. 4th at 1154. While the Koeppels contend this is not a foreclosure suit, this is about the power to foreclose. MERS sued to void the quiet title judgment and have the deed of trust reinstated based on its adverse claim—its power to foreclose. "[N]owhere does the [nonjudicial foreclosure] statute provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized and [California courts] see no ground for implying such an action." *Id.* at 1155. Moreover, California law does not require a foreclosing party to produce the original note. No amount of amending the complaint could change the fundamental character of the counterclaims. The district court, therefore, correctly concluded that the Koeppels' suit should be dismissed.

**AFFIRMED.**