**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 1 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PHILIP KOENIG, | No. 16-16917 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-00693-AWI-BAM |
| v. | |
| BANK OF AMERICA, N.A., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted February 13, 2018**

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Philip Koenig appeals pro se from the district court's judgment dismissing

his action alleging federal and state law claims arising from pending foreclosure

proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

district court's dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Hebbe v.*

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Koenig's claims for declaratory relief and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") because Koenig failed to allege facts sufficient "to state a claim to relief that is plausible on its face." *Id.* at 341-42 (citation omitted); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010) (setting forth elements of a civil RICO claim).

The district court properly dismissed Koenig's Fair Debt Collection Practices Act ("FDCPA") claim because Koenig failed to allege facts sufficient to show that defendant's activity constituted attempts to collect a debt under the FDCPA. *See Ho v. ReconTrust Co. N.A.*, 858 F.3d 568, 572 (9th Cir. 2017) ("[A]ctions taken to facilitate a non-judicial foreclosure . . . are not attempts to collect 'debt' as that term is defined by the FDCPA."); *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 970 (9th Cir. 2017) (explaining that "while the FDCPA regulates security interest enforcement activity, it does so *only* through Section 1692f(6)," and that "[a]s for the remaining FDCPA provisions, 'debt collection' refers only to the collection of a money debt").

The district court did not abuse its discretion by denying Koenig's motions for leave to amend his complaint because amendment would have caused an undue delay, been prejudicial to defendant, been taken in bad faith, and been futile. *See*

*Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (setting forth standard of review and factors for determining whether to grant leave to amend).

The district court did not abuse its discretion by denying Koenig's Fed. R. Civ. P. 59(e) motions because Koenig failed to establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Rule 59(e)).

The district court did not abuse its discretion by taking judicial notice of publicly recorded documents related to the nonjudicial foreclosure. *See* Fed. R. Evid. 201(b)(2) (court may take judicial notice of a "fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (setting forth standard of review and stating that court may take judicial notice of matters of public record).

The district court did not abuse its discretion by denying Koenig's motion for injunctive relief because Koenig failed to establish a likelihood of success on the merits of his claims. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008) (setting forth standard of review and requirements for injunctive relief).

**AFFIRMED.**

16-16917