**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC, et al, <br><br> Plaintiff-Appellees, <br><br> v. <br><br> TIMOTHY J. JOHNSTON, <br><br> Defendant-Appellant. | No. 17-55053 <br><br> D.C. No. 2:15-cv-04853-PA-GJS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted December 3, 2018
Pasadena, California

Before: RAWLINSON and BEA, Circuit Judges, and BASTIAN,** District Judge.

Timothy Johnston appeals the district court's order granting Mortgage

Electronic Registration System Inc.'s (MERS) motion for summary judgment. We

have jurisdiction under 28 U.S.C. § 1291 and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Stanley Allen Bastian, United States District Judge for the Eastern District of Washington, sitting by designation.

Johnston sought and received a state court quiet title judgment without naming MERS, despite knowing of MERS's alleged interest in the property. MERS challenged the quiet title judgment in this action. The district court properly concluded it had subject matter jurisdiction under 28 U.S.C. § 1332(a). The *Rooker-Feldman* doctrine did not deprive the district court of jurisdiction because MERS was not a party to the state court quiet title action. *See Lance v. Dennis*, 546 U.S. 459, 464–66 (2006) (per curiam).

The district court properly concluded that MERS had standing to bring this action. Plaintiffs seeking relief in federal court must establish the three elements that constitute the "irreducible constitutional minimum" of Article III standing, namely, that they have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). The quiet title judgment constitutes an injury in fact, which is directly traceable to Johnston's failure to name MERS, and is remediable through an order declaring the quiet title judgment void.

The district court did not err in concluding as a matter of law that Johnston obtained the quiet title judgment in violation of MERS's rights under section 762.010 of the California Code of Civil Procedure, and granting summary

judgment to Plaintiffs.[1] The deed of trust on the property, which was signed by Johnston and properly recorded, designates MERS as the nominee of the lender and the lender's successors and as the beneficiary under deed of trust. By executing the deed of trust, Johnston agreed that MERS had the authority to initiate foreclosure proceedings on the property. *See Calvo v. HSBC Bank USA, N.A*, 199 Cal.App.4th 118, 125 (2011); *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149, 1157–58 (2011). Therefore, MERS had an adverse claim against the property, and Johnston was required to name MERS as a defendant in the quiet title action. *See* Cal. Civ.Proc. Code §§ 760.010(a), 762.060.

Johnston's counterclaims were properly dismissed, as none of the properly raised claims preserved for appeal state a claim upon which relief can be granted.[2]

---

[1] The district court did not err by allowing MERS to submit reply papers, as they were responsive to arguments raised in Johnston's response. C.D. Cal. R. 7. 10.

[2] Johnston raises for the first time on appeal an alleged violation of California's Finance Lenders Law, which this Court declines to consider. *Broad v. Sealaska Corp.*, 85 F.3d 422, 430 (9th Cir. 1996). Johnston also waived appeal of a time-barred counterclaim under the Truth in Lending Act. Johnston also challenges, improperly, the grant of attorney's fees. The award of fees was collateral to, and separately appealable from, the judgment. *Hunt v. City of Los Angeles*, 638 F.3d 703, 719 (9th Cir. 2011). Johnston's failure to file a supplemental notice of appeal on the issuance of attorney's fees deprives this Court of jurisdiction to review that order. *Id.*

The claim for a declaration that the Deed of Trust was void ab initio due to MERS's alleged failure to register as a California Finance Lender fails as a matter of law, as MERS's subsequent registration in 2010 cured any defect that may have stemmed from a failure to register. *See Koenig v. Bank of Am., N.A.*, No. 1:13-CV-0693 AWI BAM, 2016 WL 8731110, at *3 (E.D. Cal. Mar. 18, 2016), reconsideration denied, No. 1:13-CV-0693 AWI BAM, 2016 WL 5930409 (E.D. Cal. Oct. 11, 2016), and aff'd, 714 F. App'x 715 (9th Cir. 2018). Construing the counterclaim to void the Deed of Trust for deceptiveness as a claim for fraud in the inducement, Johnston failed to plead reliance making dismissal proper.

To the extent that Johnston's counterclaim for cancellation of instrument/ slander of title is co-extensive with the merits of Johnston's argument for voiding the Deed of Trust, it was properly dismissed. To the extent that it is predicated upon the validity of the quiet title judgment, it was properly dismissed when summary judgment was granted for Plaintiffs.

Johnston's counterclaim against National Default Service Corporation (NSDC) and JP Morgan Chase Bank, N.A. (Chase) for alleged violations of the California Homeowner's Bill of Rights was also properly dismissed. Johnston does not allege that those parties did not discharge their due diligence duties to attempt to contact him under HBOR. Rather, Johnston alleges that their failure to include evidence to corroborate a sworn statement that due diligence was

4

performed constitutes a violation under HBOR. It does not, and because Johnston did not allege that the due diligence was not performed, dismissal was proper. *Contra Green v. Cent. Mortg. Co.*, 148 F. Supp. 3d 852, 876 (N.D. Cal. 2015).

Johnston's final counterclaim for alleged violations of California's Unfair Competition Laws was also properly dismissed, as Johnston lacks standing to sue under that statute due to a failure to plead injury in fact. Cal. Bus. & Prof. Code § 17204.

**AFFIRMED.**